IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATIONSTAR MORTGAGE LLC  d/b/a
CHAMPION MORTGAGE COMPANY,

        Plaintiff,

v.                                              Case No. 15-cv-01263-JTM

ROY L. JACKSON, et al.,

        Defendants.

MEMORANDUM AND ORDER

This matter is before the court on plaintiff Nationstar Mortgage's motion to remand the action to state court. Dkt. 6. After reviewing the record the court concludes the motion should be granted.

**I. Background**

On August 10, 2015, Nationstar filed this action in the District Court of Pawnee County, Kansas. Dkt. 1-1. The petition sought foreclosure of a "reverse mortgage" allegedly executed by Lucille L. Jackson and Harold L. Jackson, both of whom are now deceased. The petition alleged that plaintiff is the lawful holder of the mortgage, that it is entitled to immediate payment of all sums previously advanced to the Jacksons, that it is entitled to foreclosure of its mortgage on the subject property, and that its mortgage has priority over other claimed interests in the property. The petition named as defendants a number of entities and individuals with interests or potential interests in

the mortgaged property, including Roy L. Jackson, who is alleged to be a known heir of Lucille L. Jackson.

On September 4, 2015, defendant Roy L. Jackson filed a *pro se* Notice of Removal in this court. Dkt. 1. The Notice alleges that this court has jurisdiction over the action by virtue of 28 U.S.C. §§ 1331 and 1332 because the action is "[b]etween citizens of different States, Federally insured Mortgage, Federal Question." Dkt. 1 at 2.

Plaintiff moves to remand, arguing defendant fails to identify any issue arising under federal law, that he fails to show diversity jurisdiction, that there are properly-served defendants who are citizens of Kansas such that removal is improper under 28 U.S.C. § 1441(b)(2), and that removal was untimely and was not consented to by the other defendants as required by 28 U.S.C. § 1446(b).  Dkt. 7.

In response, defendant asserts that the case arises under federal law because Congress has regulated Home Equity Conversion Mortgage (HECM) loans and because plaintiff's suit violates those regulations. Dkt. 8 at 3-4. Additionally, he contends plaintiff has attempted to destroy diversity jurisdiction by joining non-essential defendants, and he asserts that he is the only essential defendant in the case.

 II. Discussion

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar v.* Williams, 482 U.S. 386, 392 (1987). This court's original jurisdiction includes civil actions "arising under" the laws of the United States as well as disputes between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332.

Whether a case arises under federal law is governed by the "well-pleaded complaint rule," which provides "that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpiller*, 482 U.S. at 392. This rule "makes the plaintiff the master of his claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. A review of Nationstar's petition shows that it relies solely on state law. Defendant may have in mind some potential federal defense to the claim, but "it is now well settled law that a case may *not* be removed on the basis of a federal defense…." *Id*. In sum, defendant shows no basis for federal-question jurisdiction over this case.

Nor has defendant shown that removal was proper under the court's diversity jurisdiction. As an initial matter, no showing has been made that the amount in controversy exceeds $75,000. The petition alleges a June 2007 account balance owing to plaintiff in the amount of $34,770.16. Dkt. 1-1 at 8. Defendant has not alleged or proffered facts to show that the amount in controversy possibly exceeds the $75,000 threshold. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (burden is on removing defendant to show amount in controversy). Moreover, defendant fails to show there is complete diversity of citizenship between the parties. He seeks to avoid that hurdle simply by claiming that all of the other named defendants in the case are nominal parties, but he fails to support that allegation. *See Hart v. Bayer Corp.*, 199 F.3d 239, 246 (10th Cir. 2000) (party claiming that defendants were fraudulently joined must show there is no possibility that plaintiff could recover against those parties). For all of the foregoing reasons, the case was not properly removed to federal court.

4

**IT IS THEREFORE ORDERED** this 19th day of November, 2015, that plaintiff Nationstar's Motion to Remand (Dkt. 6) is GRANTED.  The action is hereby remanded to the District Court of Pawnee County, Kansas.

                                                      _____s/ J. Thomas Marten_____
                                                      J. THOMAS MARTEN, Judge